UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEL FRANCISCO SALAZAR,<br><br>    Petitioner,<br><br>  v.<br><br>SHAWN HATTON, *Warden*,<br><br>    Respondent. | Case No. ED CV 18-0305 DDP (JCG)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY** |

  Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus ("Petition"), the Magistrate Judge's Report and Recommendation ("R&R"), Petitioner's objections to the R&R ("Objections"), and the remaining record, and has made a *de novo* determination.

  Petitioner's Objections generally reiterate the same arguments made in the Petition, and lack merit for the reasons set forth in the R&R. There is one issue however, that warrants brief discussion here.

  In his Objections, Petitioner agrees that his Petition is facially untimely and is not entitled to statutory tolling, but argues that he is entitled to equitable tolling

because he was not given his case file "as soon as he was convicted and trial counse[l] was relieved of all his duties." (Objections at 3.)

First, Petitioner is not entitled to equitable tolling *prior to the time* Petitioner's conviction became final. AEDPA's limitation period "has no bearing *during* the time Petitioner is seeking direct review of his judgment of conviction and sentence but instead, only applies *after* the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." *Underwood v. Garcia*, 2009 WL 152699, at *4 (C.D. Cal. Jan. 22, 2009) (internal citation and quotation marks omitted) (emphasis in original). Indeed, Petitioner's appellate counsel informed him, "[W]e can't give you your case file until your direct appeal is over." (*See* Objections at 3.)

Second, Petitioner fails to show *any* causal connection between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas petition. *See Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005), *as amended* 447 F.3d 1165 (9th Cir. 2006), *cert. denied*, 549 U.S. 1134 (2007) (requiring "causal connection" between the alleged extraordinary circumstance and the failure to file a timely petition); (*see also* R&R at 7 (discussing Petitioner's inability to explain the causal connection between the delay in receiving his case file and his own failure to file a timely petition)).

As such, Petitioner is not entitled to equitable tolling, and his Petition remains untimely.

//

//

//

2

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted;
2. Judgment be entered dismissing this action with prejudice; and
3. The Clerk serve copies of this Order on the parties.

Additionally, for the reasons stated in the R&R, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Thus, the Court declines to issue a certificate of appealability.

DATED: 7-13-18

HON. DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE